C. M. REEVES AND J. C. WATKINS, TRADING AS REEVES & WATKINS, V. R. E. MARKS AND T. O. MARKS, COPARTNERS, TRADING AS MARKS BROS., AND S. A. MARKS.

(Filed 12 October, 1927.)

Costs—Stenographer's Fees—Reference—Evidence—Findings—Courts — Appeal and Error.

Where the losing party in the action moves the clerk of the court to recall execution under judgment on the ground of excessive cost taxed for stenographer's fees, it is required of him, upon reference made, to appear and show that the charge was excessive, and failing to appear and offer evidence, the referee's finding and approval of the court below will be sustained on appeal to the Supreme Court.

THIS was a motion made by defendants to recall execution which was issued in favor of Minnie Lee Hoover for $106.80, stenographer's fees taxed in the above-entitled cause against defendants. From LEE.

*Hoyle & Hoyle for defendants.*

PER CURIAM. The record shows that the matter was heard by consent. The court found that the $75 stenographer's fee taxed in the original cost was not returned on the execution by the sheriff as paid, but "stenographer $75" has the figure surrounded by a circle in lead pencil.

This ambiguity was explained by the clerk, who testified it was so marked as it had not been paid, and the judgment docket recites that all of the judgment has been satisfied in full "except $75 taxed as stenographer's fees." It is found as a fact that the stenographer's fees have never been paid and the defendants still owe same.

The facts further found are to the effect that the stenographer filed her bill later for $106.80; that objection was made by defendants' attorney; that the matter was referred to a referee, who gave notice to defendants' attorney of the time and place of hearing, but he did not appear. The referee found that the bill of $106.80 was correct. No exception was filed to the report of referee, although defendants' attorney had personal knowledge, and the report of the referee was confirmed by the judge who heard the original case and no appeal taken. The court below refused to recall the execution, and in this we find no error. The cases cited by defendants are not applicable.

Defendants contend that under the circumstances they were under no obligation to "hold a candle." We cannot so hold. Under the facts found by the court below, and there was some evidence to support them,

it was incumbent on defendants to make objections and exceptions at the time and from adverse ruling appeal; otherwise, what rights defendants had, if any in the beginning, were waived. *Burroughs v. Umstead,* 193 N. C., p. 842. See *Bank v. Edwards, ante,* p. 308. The judgment below is

Affirmed.